# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WASHINGTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>C. PFEIFFER, Warden,<br><br>　　　　Respondent. | Case No. CV 20-4511 JVS (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　The Court summarily dismisses this action – Petitioner's third in this district court – pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

\* \* \*

　　　1.　Petitioner is currently serving a life term in state prison based on his 1996 robbery conviction. He seeks to challenge his sentence under California's Three Strikes law.

　　　2.　Petitioner previously sought habeas relief in this Court related to that conviction and sentence on two occasions. The Court dismissed

Petitioner's 2009 habeas action as untimely. Washington v. McDonald, No. CV 09-2632 JVS (AJW) (C.D. Cal.). The Ninth Circuit Court of Appeals denied a certificate of appealability of that case.

3. Petitioner's 2015 habeas action was dismissed as successive in the district court. Washington v. Soto, No. CV 15-4626 JVS (AJW) (C.D. Cal.). Petitioner did not seek federal appellate review of that dismissal.

4. Petitioner failed to disclose the existence of these previous federal actions in his current petition. (Docket # 1.)

5. The California Attorney General moved to dismiss the action as successive.[1] (Docket # 24.) Judge Wilner informed Petitioner of his obligation under Local Rule 7-12 and Federal Rule of Civil Procedure 41 to respond to the motion. (Docket # 26.) However, Petitioner filed nothing in response to the Attorney General's dismissal request.

\* \* \*

6. Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

7. A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. Id.; Burton v. Stewart, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas

---

[1] Magistrate Judge Wilner (who did not handle Petitioner's previous habeas actions in this Court) originally screened the petition and noted its apparent untimeliness. (Docket # 3.) Judge Wilner subsequently granted the Attorney General's request to bring a discrete dismissal motion on the issue of successiveness, rather than taking up more involved questions regarding the statute of limitations and Petitioner's claim for equitable tolling. (Docket # 22, 23.)

1  action when prisoner "neither sought nor received authorization from the
2  Court of Appeals before filing").
3      8.    "If the petition is second or successive, then the district court
4  lacks jurisdiction and must dismiss the petition unless and until the court
5  of appeals grants an application to file it." Brown v. Muniz, 889 F.3d 661,
6  667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to
7  bring successive habeas action); Prince v. Lizzaraga, 733 F. App'x 382, 384
8  (9th Cir. 2018) (prisoner "must first apply to this court for permission to
9  have his petition heard in the district court").
10     9.    A dismissal of a habeas action "for failure to comply with the
11 statute of limitations renders subsequent petitions second or successive for
12 purposes of the AEDPA," thereby requiring appellate court permission for
13 the new filing. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009);
14 Remsen v. Attorney General, 471 F. App'x 571 (9th Cir. 2012) (same).
15     10.    Local Rule of Court 7-9 requires a party to file a memorandum
16 stating the basis for that party's opposition to a motion. Local Rule 7-12
17 states that the "failure to file any required document [ ] may be deemed
18 consent to the granting or denial of the motion."
19                                     \* \* \*
20     11.    Petitioner's current habeas action is subject to summary
21 dismissal. The petition challenges the sentence in the same robbery
22 conviction that was the subject of his earlier habeas actions. The
23 first action (CV 09-2632) was denied as untimely. Petitioner's second
24 habeas action (CV 15-4626) was dismissed as successive.
25     12.    Those defects make the current action successive, too.
26 McNabb, 576 F.3d at 1030. Petitioner presents no proof that he asked for
27 or received permission from the Ninth Circuit to pursue another successive
28

1 action. Further, despite a clear scheduling order from the assigned
2 magistrate judge, Petitioner failed to file a timely opposition in response to
3 the motion. Petitioner's failure to respond to the dismissal motion signifies
4 his consent to the dismissal of the action. L.R. 7-12. On these bases, the
5 current petition is subject to summary dismissal. 28 U.S.C. § 2244(b);
6 Brown, 889 F.3d at 667; Prince, 733 F. App'x at 384.

\* \* \*

Because the Court does not have jurisdiction to consider Petitioner's claim, the action is DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: March 11, 2021

_____
HON. JAMES V. SELNA
SENIOR U.S. DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE